UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                       :

SHERRY ELAINE BUTLER,               :

                                        :

                    Plaintiff,      :          24-CV-9558 (JAV)

                                        :

          -v-                    :         <u>MEMORANDUM</u>

                                        :      <u>OPINION AND ORDER</u>

COLGATE-PALMOLIVE CO.,          :

                                        :

                    Defendant.    :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

     Defendant Colgate-Palmolive Company ("Defendant") seeks to dismiss this product liability action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the Complaint fails to allege the nature of the defective product.

     For the reasons discussed below, Defendant's motion to dismiss is **DENIED**.

## BACKGROUND

     Plaintiff Sherry Elaine Butler ("Plaintiff") is a resident and citizen of Texas. ECF No. 1 ("Compl."), ¶ 10. Plaintiff alleges that she purchased a number of bottles of Fabuloso Multi-purpose Cleaner, which she used to clean her home and her salon. *Id.*, ¶¶ 2, 24. On January 21, 2023, Plaintiff was diagnosed with *pseudomonas*, a bacterial infection, which ultimately led to a series of respiratory issues. *Id.*, ¶ 11.

     Defendant manufactures, markets, distributes, and sells a wide variety of household consumer products, including Fabuloso Multi-Purpose Cleaner. *Id.*, ¶ 12. On or about February 8, 2023, Colgate recalled more than 4.9 million Fabuloso

Multi-Purpose Cleaners due to contamination with *pseudomonas* species bacteria. *Id.*, ¶ 20.  The recall notice warned that bacteria from the contaminated products can enter the consumer's body "if inhaled, through the eyes, or through a break in the skin."  *Id.*, ¶ 21.  The contamination allegedly occurred as a result of a failure to add sufficient preservative during the manufacturing process, which allowed bacteria growth to occur.  *Id.*, ¶ 22.

Plaintiff alleges that the Fabuloso Multi-purpose Cleaner she purchased was contaminated with *pseudomonas* bacteria.  *Id.*, ¶¶ 1, 25.  Plaintiff claims that she became ill as a result of her exposure to *pseudomonas* through the use of the Fabuloso Multi-purpose Cleaner.  *Id.*, ¶ 26.  She now brings defective product claims under a negligence and strict liability theory, a breach-of -implied-warranty-of-merchantability theory, and a breach-of-implied-warranty-of-fitness-for-a-particular-purpose theory. *Id.* ¶¶ 29-54.

## LEGAL STANDARDS

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the non-moving party.  *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025).  The court, however, does not consider "conclusory allegations or legal conclusions couched as factual allegations."  *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (quotation marks omitted) (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

## DISCUSSION

"Under New York law, it is well-established that the situs of a product liability tort for choice-of-law purposes is the place of the injury, rather than the location where the allegedly defective product was manufactured." *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 426 (S.D.N.Y. 2013) (citation omitted) (cleaned up). Accordingly, Texas law applies. Under Texas law, a manufacturer of an unreasonably dangerous product is strictly liable for injuries caused by such product. *Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851, 857-58 (Tex. App. 2007). "The plaintiff must prove the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Id.* at 858. "A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "A plaintiff is not required to show by direct proof how

the product became defective or to identify a specific engineering or structural defect." *Shaun T. Mian Corp.*, 237 S.W.3d at 858.

Defendant argues that the Complaint fails to state a claim because "Plaintiff does not allege any nonconclusory facts identifying the Fabuloso products she used, how those products were defective, or how they proximately caused her injury." ECF No. 21 ("Def. Br.") at 5. That is plainly not the case. Plaintiff alleges that she used Fabuloso Multi-Purpose Cleaner, that the product was defective because it was contaminated with *pseudomonas* bacteria, and that she thereafter contracted a *pseudomonas* bacterial infection from her use of the contaminated product. She has therefore adequately plead facts stating a claim for relief that is plausible on its face.

Defendant is correct that the Complaint does not specifically allege that she bought one of the lots of Fabuloso Multi-Purpose Cleaner that was subject to the recall, nor does the Complaint allege where and when the product was purchased. Def. Br. at 6. But none of the cases cited by Defendant stand for the proposition that a plaintiff must provide such details at the pleading stage. For example, Defendant cites a summary order, *id.* at 4, in which the Second Circuit affirmed the dismissal of a complaint that failed to indicate how a hip replacement was defective. *Rodman v. Stryker Sales Corp.*, 604 F. App'x 81, 82 (2d Cir. 2015). Defendant also relies upon *Oden v. Bos. Sci. Corp.*, Def. Br. at 4, which dismissed a manufacturing defect claim that described the purported defect as "a condition or conditions, which Defendant did not intend." 330 F. Supp. 3d 877, 890 (E.D.N.Y. 2018). In contrast,

the Complaint at issue here alleges that the Fabuloso Multi-Purpose Cleaner was defective because it was contaminated with *pseudomonas* bacteria.

In *Tuosto v. Philip Morris USA Inc.*, the court held that a defective design claim had been inadequately plead where the plaintiff failed to identify the brand of cigarette at issue.  672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009).  Similarly, in *Ford v. Performance Aircraft Servs., Inc.*, the plaintiff alleged generally that he had been injured by chemicals used to clean airplane parts in the hanger where he worked, but did not specify which products had caused his injury, or the manufacturers of the allegedly defective products.  178 S.W.3d 330, 336 (Tex. App. 2005).  Here, Plaintiff has identified the brand and the specific product, including the manufacturer.

## CONCLUSION

Accordingly, Defendant's motion to dismiss the Complaint is **DENIED**.  The Clerk of Court is directed to terminate ECF No. 20.

SO ORDERED.

Dated:  October 20, 2025
     New York, New York

                              JEANNETTE A. VARGAS
                              United States District Judge